### JOHN MOSS v. H. H. HUNTER, ET AL.

[Abstract Kentucky Law Reporter, Vol. 5—684.]

**Life Estate in Real Estate.**

> Where one dies the owner in fee of real estate, leaving two children and a widow, and the land is partitioned between the children and the mother, and deeds made, the grant to the widow, "Sarah Ann Moss, her heirs and assigns forever, during her life to have and to hold the same to Sarah Ann Moss, her heirs and assigns, forever," she takes a life estate only.

APPEAL FROM KENTON CIRCUIT COURT.

February 21, 1884.

OPINION BY JUDGE PRYOR:

The case of *Turman v. White's Heirs,* 14 B. Mon. (Ky.) 560, is not analogous to this case. The grant was to Solomon White during life and then to his heirs. It was held that White had an estate for life and those who were his heirs at his death took the remainder.

In this case, Hunter, the first husband of Mrs. Moss, owned the fee. He left two children, and his real estate was partitioned between the children and the mother and deeds made. The grant to Mrs. Moss and to her heirs was for life only, the deed upon its face showing the manifest intention of the parties. The grant is to "Sarah Ann Moss, her heirs and assigns forever, during her life, to have and to hold the same to Sarah Ann Moss, her heirs and assigns, forever." Sarah Ann Moss and her heirs are to have the life estate because that is what is granted. A certified copy of the deeds offered in evidence authorized their reading to the jury. The clerk has stated that the deeds were true copies by using the words "A copy attest" signed by the clerk. We see no reason for disturbing the verdict as the appellees were entitled to recover.

Judgment *affirmed.*

*R. D. Handy, F. T. Towser, for appellant.*

*D. A. Glenn, for appellees.*